NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-894

COMMONWEALTH

vs.

KERENE DOR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of assault and battery for having slapped the victim.  On appeal, she claims the victim improperly testified to other bad act evidence warranting a mistrial, and that the judge erred in not giving a missing witness instruction.  We affirm.

1.  Bad act evidence.  On two occasions, in nonresponsive answers to the prosecutor's questions, and once in response to defense counsel's question, the victim testified that the defendant herself employed a knife, or gave one to another, to "cut down" the tires to the victim's car.  On each occasion, the defense counsel objected, and moved to strike the testimony.  He did not move for a mistrial.  The judge sustained the

objections, struck the testimony, and instructed the jury to disregard the testimony in their deliberations. In his final instructions, the judge again told the jury that evidence that had been struck may not be considered and must be disregarded. The defendant claims the repeated and inflammatory nature of the victim's testimony required a mistrial. We disagree.

The defendant's claim is without merit. Simply enough, "[j]urors are presumed to follow a judge's instructions, including instructions to disregard certain testimony." Commonwealth v. Silva, 93 Mass. App. Ct. 609, 615 (2018), quoting Commonwealth v. Williams, 450 Mass. 645, 651 (2008). Here, in addition to the immediate curative instructions, the jury received preliminary and final instructions about objections, struck testimony, and what constitutes evidence. The defendant did not object to the instructions and did not request the judge to take any further action. There was no unfair prejudice, and the judge did not abuse his discretion by not declaring a mistrial sua sponte. See Commonwealth v. Bryant, 482 Mass. 731, 737 (2019) (jury presumed to follow limiting instructions on other bad act evidence).[1]

---

[1] The defendant further claims that the unobjected-to admission of four additional pieces of evidence created a substantial risk of a miscarriage of justice. We disagree. These incidents include that (1) the victim went to the police station to make a complaint about the defendant; (2) the victim took a picture of the defendant's license plate because the

2.  Missing witness instruction.  The defendant also claims that the judge's failure to provide the jury with a missing witness instruction created a substantial risk of a miscarriage of justice.[2]  We disagree.

"The decision to provide a missing witness instruction to the jury is 'within the discretion of the trial judge, and will not be reversed unless the decision was manifestly unreasonable.'"  Commonwealth v. Figueroa, 79 Mass. App. Ct. 389, 400 (2011), quoting Commonwealth v. Saletino, 449 Mass. 657, 667 (2007).

> "A missing witness instruction is appropriate when a party has knowledge of a person who can be located and brought forward, who is friendly to, or at least not hostilely disposed toward, the party, and who can be expected to give testimony of distinct importance to the case, and the

---

police instructed her to do so; (3) the victim implied that the defendant may have slapped her on another occasion; and (4) the defendant "went to her car and pulled out a knife."  The first two occasions do not refer to prior bad acts.  In any event, these four items were likely not met with objections because defense counsel used them, at least in part, to argue that the victim had a motive to fabricate her testimony.  Even if this evidence was improper, there was no substantial risk of a miscarriage of justice, and no further reason for the judge to declare a mistrial sua sponte.

[2] Defense counsel asked the judge "to consider" giving a missing witness instruction, but the judge declined.  After the judge's final instructions, which did not include a missing witness instruction, defense counsel told the judge he was content with the jury instructions.  In this posture, we review only to determine whether the omission of the instruction created a substantial risk of a miscarriage of justice.  See Commonwealth v. Alphas, 430 Mass. 8, 13 (1999).  The defendant does not claim otherwise.

3

party, without explanation, fails to call the person as a witness" (quotation and citation omitted).

Figueroa, supra. "However, 'if the circumstances, considered by ordinary logic and experience, suggest a plausible reason for nonproduction of the witness,' the jury should not be given the instruction." Id., quoting Commonwealth v. Anderson, 411 Mass. 279, 282-283 (1991).

Here, the defendant was convicted of an assault and battery which occurred outside a convenience store in the city of Brockton. The defendant claims she was entitled to a missing witness instruction because the store owner did not testify. In this circumstance, it was the defendant's burden to establish, on the record, a sufficient foundation for the instruction. See Commonwealth v. Barrett, 97 Mass. App. Ct. 437, 445 (2020). The defendant did not carry that burden.

As a starting point, the victim's testimony regarding what other people were there, and specifically whether the store owner even witnessed what occurred, was less than clear. In this light, and on this record, it would be hard to say that if the store owner even saw the incident, the store owner would be favorably disposed to the Commonwealth such that the prosecution would naturally be expected to call that person as a witness. Also, the same lack of clarity in the victim's testimony does

4

not support an inference that the Commonwealth was withholding evidence favorable to the defendant.

The defendant further claims that the lack of a missing witness instruction effectively deprived her of her only viable defense, i.e., to impeach the victim's testimony.  However, the record before us does not disclose that the putative witness was only available to the Commonwealth, or that the Commonwealth had superior knowledge of the store owner's whereabouts.  See Commonwealth v. Barrett, 97 Mass App. Ct. 437, 446 (2000).  In the end, the judge permitted defense counsel to argue that there were not witnesses presented that corroborated the victim's testimony.  The judge did not abuse his discretion in declining to give the instruction, and thus, there is no risk that justice miscarried.

Judgment affirmed.

By the Court (Meade, Walsh & Smyth, JJ.[3]),

Clerk

Entered:  November 12, 2024.

---

[3] The panelists are listed in order of seniority.